JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS  Malcom Peele
2528 Napa Street
Philadelphia, PA 19132

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Jay A. Hochberg, Esq.
1315 WAlnut Street, Suite 716
Philadelphia, PA 19107

## DEFENDANTS  City of Philadelphia,
1515 Arch Street, 14th Floor

County of Residence of First Listed Defendant   Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Jeffrey S. Simons, Esq.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983

Brief description of cause:
Federal Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE   9/26/08

SIGNATURE OF ATTORNEY OF RECORD   Jeffrey S. Simons

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: <u>2528 Napa Street, Philadelphia, PA 19312</u>

Address of Defendant: <u>1515 Arch Street, 14th Floor, Philadelphia, PA  19102</u>

Place of Accident, Incident or Transaction: <u>Philadelphia, Pennsylvania</u>
*(Use Reverse Side For Additional Space)*

---

Does this case involve multidistrict litigation possibilities?                                      Yes ☐        No ☐

*RELATED CASE IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____
Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within     Yes ☐        No ☐
   one year previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction         Yes ☐        No ☐
   as a prior suit pending or within one year previously terminated action in this
   court?

3. Does this case involve the validity or infringement of a patent already in suit or         Yes ☐        No ☐
   any earlier numbered case pending or within one year previously terminated action
   in this court?

---

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. θ  Indemity Contract, Marine Contract, and All Other Contracts
2. θ  FELA
3. θ  Jones Act – Personal Injury
4. θ  Antitrust
5. θ  Patent
6. θ  Labor-Management Relations
7. ☒  Civil Rights
8. θ  Habeas Corpus
9. θ  Securities Act(s) Cases
10. θ  Social Security Review Cases
11. θ  All Other Federal Questions Cases (Please specify)

B. *Diversity Jurisdiction Cases:*
1. θ  Insurance Contract and Other Contracts
2. θ  Airplane Personal Injury
3. θ  Assault, Defamation
4. θ  Marine Personal Injury
5. θ  Motor Vehicle Personal Injury
6. θ  Other Personal Injury (Please specify)
7. θ  Products Liability
8. θ  Products Liability – Asbestos
9. θ  All other Diversity Cases (Please specify)

---

# ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, <u>Jeffrey Simons,</u> counsel of record do hereby certify:

☐    Pursuant to Local Civil Rule 53, Section 3(c), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐    Relief other than monetary damages is sought.

DATE: _____    _____    _____
                                         Attorney-at-Law                        Attorney I.D.
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.
DATE: <u>9/26/08</u>    _____    _____
                                         Jeffrey Simons                        Attorney I.D. #
                                                                                    93784

CIV. 609 (9/99)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Malcome Peele                                    CIVIL ACTION
2528 Napa Street
Berwyn, PA 19132
    Plaintiff                                   No.

vs.

CITY OF PHILADELPHIA
1515 Arch Street, 14th Floor
Philadelphia PA 19103
    and
Police Officer John Doe
1515 Arch Street, 14th Floor
Philadelphia PA 19103

    Defendants

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)    Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through § 2255.     ( )

(b)    Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c)    Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d)    Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e)    Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f)    Standard Management -- Cases that do not fall into any
one of the other tracks.               ( X )

_____
**Date**

_____
**Jeffrey Simons, Esquire**
**Attorney for Defendant**
**City of Philadelphia**

**(Civ. 660) 7/95**

## Civil Justice Expense and Delay Reduction Plan
## Section 1:03 – Assignment to a Management Track

(a)    The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)    In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, the defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

c)    The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

d)    Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

e)    Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

# SPECIAL MANAGEMENT CASE ASSIGNMENTS
# (See § 1.02 (e) Management Track Definitions of the
# Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Malcom Peele                                        CIVIL ACTION
2528 Napa Street
Berwyn, PA 19132
    Plaintiff                               No.

vs.
CITY OF PHILADELPHIA
1515 Arch Street, 14th Floor
Philadelphia PA 19103
    and
Police Officer John Doe
1515 Arch Street, 14th Floor
Philadelphia PA 19103

    Defendants
## NOTICE OF FILING REMOVAL

TO:   Prothonotary                     Jay A. Hochberg, Esquire
    Court of Common Pleas          1315 Walnut Street, Suite 716
    Room 295 City Hall             Philadelphia, PA 19107
    Philadelphia, PA 19107

**PLEASE TAKE NOTICE** that on September 26, 2008 defendant the City of Philadelphia, filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a Notice of Removal of the above-captioned matter to the U.S. District Court.

A copy of the Notice of Removal is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. §1446(d).

Respectfully submitted,

Jeffrey S. Simons, Esquire
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
    (215) 685-5443

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Malcom Peele                                CIVIL ACTION
2528 Napa Street
Berwyn, PA 19132
     Plaintiff                             No.

vs.
CITY OF PHILADELPHIA
1515 Arch Street, 14th Floor
Philadelphia PA 19103
     and
Police Officer John Doe
1515 Arch Street, 14th Floor
Philadelphia PA 19103

     Defendants

## NOTICE OF REMOVAL

Petitioners, The City of Philadelphia, defendant in the above-captioned Civil Action, by and through their undersigned attorney, respectfully place the court on notice of the removal of this action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania and in support thereof, aver the following information:

1.     Petitioners are the defendant in this civil action brought by plaintiff. Petitioners received plaintiff's complaint on September 3, 2008.

2.     Attached hereto as Exhibit "A" is a true and correct copy of plaintiff's complaint which is being removed to federal court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1443.

3.    In his complaint, plaintiff alleges that the defendants violated his civil rights under the United States Constitution, including his due process rights secured by the Fourth, and Fourteenth Amendments.  Federal jurisdiction for this matter therefore exists under 42 U.S.C. § 1983.

**WHEREFORE**, petitioners place the court on notice that the instant matter presently docketed at August Term, 2008, No. 3884 , has been removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,

Jeffrey S. Simons, Esquire
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19107
(215) 683-5443

Date 9/26/08

Attorney for Defendant
The City of Philadelphia

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Malcom  Peele                                                CIVIL ACTION
2528 Napa Street
Berwyn, PA 19132
         **Plaintiff**                                       No.

vs.
CITY OF PHILADELPHIA
1515 Arch Street, 14th Floor
Philadelphia PA 19103
         and
Police Officer John Doe
1515 Arch Street, 14th Floor
Philadelphia PA 19103

         **Defendants**

## CERTIFICATE OF SERVICE

I, Jeffrey S. Simons, Esquire,  hereby certify that on      September 26, 2008, a true and correct copy of the within Notice of Removal of Civil Action from State Court to the United States District Court was served upon counsel for plaintiff listed below by first-class United States Mail, postage prepaid.

          Jay A. Hochberg, Esquire
          1315 Walnut Street, Suite 716
          Philadelphia, PA 19107

          _____
          Jeffrey S. Simons, Esquire
          Assistant City Solicitor
          City of Philadelphia, Law Department
          1515 Arch Street, 14th Floor
          Philadelphia, PA 19102

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## VERIFICATION

**Jeffrey S. Simons,** declares, under penalties of perjury, that he is the attorney of record for defendant, City of Philadelphia, that the facts set forth in the foregoing Notice of Removal are true to the best of her knowledge, and belief, and that on September 26, 2008,  he caused to be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of this Notice of Removal together with attachments.

_Jeffrey S. Simons_
Jeffrey S. Simons
Assistant City Solicitor
Counsel for Defendant
City of Philadelphia

Date  9/26/08

# EXHIBIT

# A

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

| | For Prothonotary Use Only (Docket Number) |
|---|---|
| **AUGUST 2008** | 003884 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| Malcolm Peele | City of Philadelphia |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 2528 Napa Street<br>Philadelphia, PA 19132 | 1515 Arch Street, 14th Floor<br>Philadelphia, PA 19103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | Police Officer John Doe |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1515 Arch Street, 14th Floor<br>Philadelphia, PA 19103 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | ☑ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| ☑ $50,000.00 or less | ☑ Arbitration | ☐ Mass Tort | ☐ Commerce | ☐ Settlement |
| ☐ More than $50,000.00 | ☐ Jury | ☐ Savings Action | ☐ Minor Court Appeal | ☐ Minors |
| | ☐ Non-Jury | ☐ Petition | ☐ Statutory Appeals | ☐ W/D Survival |
| | ☐ Other: | | | |

CASE TYPE AND CODE (SEE INSTRUCTIONS)

2B - Assault and Battery

STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)

Complaint

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? | |
|---|---|---|
| | Yes | No |
| | ☐ | ☐ |
| | ☐ | ☐ |
| | ☐ | ☐ |

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS (SEE INSTRUCTIONS) |
|---|---|
| Jay A. Hochberg | 1315 Walnut Street, Suite 716 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215) 825-5183 | (215) 279-8702 | Philadelphia, PA 19107 |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 89232 | jay@hlzlaw.com |

| SIGNATURE | DATE |
|---|---|
| *[signature]* | August 29, 2008 |

**HOCHBERG, LEVIN & ZEIGER, LLP**
BY: JAY A. HOCHBERG
Identification No.: 89232
1315 Walnut Street, Suite 716
Philadelphia, Pennsylvania 19107
215.825.5183
jay@hlzlaw.com

**ATTEST**

ATTORNEY FOR PLAINTIFF AUG 2 9 2008

**J. MURPHY**

Arbitration Matter

MALCOLM PEELE
2528 Napa Street
Philadelphia, PA 19132

USTED ESTÁ ORDENADO
COMPARECER EN
ARBITRATION HEARING
1880 JFK BLVD., 5TH FL.
PHILADELPHIA, PA 19103
TIME: 1:30
APR 2 8 2009
YOU MUST STILL COMPLY
WITH THE NOTICE BELOW.
USTED TODAVIA DEBE
CUMPLIR CON EL AVISO
PARA DEFENDERSE

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

**AUGUST 2008**

TERM. 2008

Plaintiff.

v.

No.    **003884**

CITY OF PHILADELPHIA. et. al.,

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages. you must take action within twenty (20) days after the complaint and notice are served. by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de est demandas expuestas en las paginas siguientes. usted tiene veinte (20) dias plazo al partir de la fecha de la demanda y la notificación. Hace falta asent una comparencia escrita o en persona o con un abogado y entregar a la co persona. Sea avisado que si usted no se defiende. la corte tomará medidas puede continuar la demanda en contra suya sin previo aviso o notificació Además. la corte puede decidir a favor del demandante y requiere que u cumpla con todas las provisiones de esta demanda. Usted puede perder dine o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE. GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE E PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME PC TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTR ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEI CONSEGUIR ASISTENCIA LEGAL. |
| PHILADELPHIA BAR ASSOCIATION | ASOCIACIÓN DE LICENCIADOS DE FILADELFIA |
| Lawyer Referral and Information Service1101 Market Street. 11th FloorPhiladelphia. Pennsylvania 19107(215) 238-1701 | Servicio De Referencia E Información Legal1101 Mark Street. 11th FloorFiladelfia. Pennsylvania 19107(215) 238-1701 |

THIS MATTER WILL BE HEARD BY A
BOARD OF ARBITRATORS
AT THE TIME. DATE AND PLACE
SPECIFIED DUE. IF ONE OR
MORE PARTIES IS NOT PRESENT AT
THE HEARING. THE MATTER
MAY BE HEARD AT THE SAME TIME
AND DATE BEFORE A JUDGE OF THE
COURT WITHOUT THE ABSENT PARTY
OR PARTIES. THERE IS NO RIGHT TO
A TRIAL DENOVO ON APPEAL FROM
A DECISION ENTERED BY A JUDGE.

**HOCHBERG, LEVIN & ZEIGER, LLP**
**BY: JAY A. HOCHBERG**                    **ATTORNEY FOR PLAINTIFF**
**Identification No.: 89232**
**1315 Walnut Street, Suite 716**
**Philadelphia, Pennsylvania 19107**        **Arbitration Matter**
**215.825.5183**
**jay@hlzlaw.com**

---

| | |
|---|---|
| MALCOLM PEELE | : COURT OF COMMON PLEAS |
| 2528 Napa Street | : PHILADELPHIA COUNTY |
| Philadelphia. PA 19132 | : |
| | : |
| | : |
| Plaintiff. | : TERM. 2008 |
| | : |
| v. | : No. |
| | : |
| | : |
| CITY OF PHILADELPHIA | : |
| c/o Law Department | : |
| One Parkway. 15th Floor | : |
| 1515 Arch Street | : |
| Philadelphia. PA 19103 | : |
| | : |
| and | : |
| | : |
| UNKNOWN PHILADELPHIA POLICE | : |
| OFFICERS JOHN DOES. INDIVIDUALLY AND | : |
| IN THIER OFFICIAL CAPACITY | : |
| c/o Law Department | : |
| One Parkway. 15th Floor | : |
| 1515 Arch Street | : |
| Philadelphia. PA 19103 | : |
| | : |
| Defendants. | : |

---

### CIVIL ACTION - COMPLAINT

### 2B – ASSAULT AND BATTERY

**Parties**

1.    Plaintiff Malcolm Peele is an individual residing at 2528 Napa Streeet. Philadelphia. PA 19132.

2.    The remaining Plaintiff's are the minor children of Plaintiff Owens and reside with her.

3.    Defendant City of Philadelphia is a municipality of the Commonwealth of Pennsylvania and owns. operates. manages. and controls the City of Philadelphia Police Department which employs Defendants Philadelphia Police Officers John Does.

4.    Defendants Unknown Philadelphia Police Officer John Does are and wer at all times relevant to this action police officers with the City of Philadelphia Police Department and acting under color of state law.  They are being sued in their individual and official capacities.

5.    At all relevant times. Unknown Philadelphia Police Officers John Does (hereinafter "The Officers") were acting under color of state law. and the actions taken by the Defendants deprived Plaintiff of his constitutional and statutory rights.

### Factual Allegations

6.    On or about September 2. 2006. Plaintiff was standing quietly in a Chinese food store in the City and County of Philadelphia.

7.    Without warning. several of the Officers ran into the store.  Plaintiff was frightened and put his hands in the area. whereupon one of the Officers struck Plaintiff with a blunt club in Plaintiff's temple. causing Plaintiff to fall to the ground.  The Officers continued beating Plaintiff until he was unconscious.

8.    Plaintiff committed no crime and no act to provoke or cause the Officers to touch him in any way.  Despite this, after the Officers terrible assault upon Plaintiff, Plaintiff was falsely arrested and accused of assaulting the police.

9.    The Officers' actions violated Plaintiffs' clearly established constitutional and statutory rights and caused the Plaintiffs to sustain harm and injury.

10.    As a direct and proximate result of the actions of Defendants, Plaintiffs suffered and continue to suffer injury, suffering and emotional distress, some or all of which may be permanent, as well as financial losses.

11.·    The Officers acted willfully, deliberately, maliciously and with reckless disregard of the constitutional and statutory rights of the Plaintiffs.

12.    The Officers engaged in the aforesaid conduct for the purpose of violating the Plaintiffs' constitutional rights by subjecting them to unreasonable force, threats and verbal abuse.

## FIRST CAUSE OF ACTION

## CIVIL RIGHTS VIOLATIONS

The allegations set forth paragraphs 1-12 are incorporated by reference as if set forth fully herein.

13.    As a direct and proximate result of the Defendants' conduct, committed under color of state law, Plaintiff was deprived of his right to be free from the unreasonable use of force, to be secure in his person and property and to due process of law. As a result, Plaintiff suffered and continues to suffer harm, in violation of the laws and Constitution of the United States, in particular the Fourth, Eighth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

14.    As a direct and proximate result of the acts and omissions of the Defendants. Plaintiff sustained injury. emotional distress. psychological harm and financial losses. all to his detriment and loss.

15.    Defendant City of Philadelphia has encouraged. tolerated. ratified and has been deliberately indifferent to the following patterns. practices and customs and to the need for more or different training. supervision. investigation or discipline in the areas of:

a. The use of unreasonable force and abuse of police powers by police officers:

b. The proper exercise of police powers. including but not limited to the use of force. verbal abuse and threats. particularly in connection with perceived challenges to or criticism of police authority:

c. The monitoring of officers whom it knew or should have known were suffering from emotional and/or psychological problems that impaired their ability to function as officers:

d. The failure to identify and take remedial or disciplinary action against police officers who were the subject of prior civilian or internal complaints of misconduct:

e. The failure of police officers to report the misconduct and unlawful behavior of other officers. a practice and custom known as the Code of Silence:

f. The failure to provide an effective means by which to monitor the performance of police officers. to investigate allegations of police misconduct. and to impose discipline and other remedial measures where officers are found to have engaged in misconduct or to have violated established procedures and practices: and

g. The failure of police officers to follow established policies. procedures. directives and instructions regarding the use of force under such circumstances as presented in this case.

16.    Defendant City of Philadelphia has failed to properly sanction or discipline officers. who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other City of Philadelphia police officers. thus causing and encouraging police. including the defendant officers in this case. to violate the rights of citizens such as Plaintiff.

17.    By these actions. Defendants have deprived Plaintiff of rights secured by the Eighth. Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

## STATE LAW CLAIMS

The allegations set forth paragraphs 1-17 are incorporated by reference as if set forth fully herein.

22. The acts and conduct of the Officers constitute assault and battery and false imprisonment under the laws of the Commonwealth of Pennsylvania.

WHEREFORE. Plaintiff requests the following:

a. Compensatory damages as to all defendants:

b. Punitive damages as to the Officers:

c. Reasonable attorney's fees and costs as to all Defendants:

d. Trial by jury: and.

e. Such other and further relief as appears reasonable and just.

HOCHBERG. LEVIN & ZEIGER. LLP

BY: _____

Jay A. Hochberg. Esquire

## Verification

I, Malcolm Peele, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing document are true and correct to the best of my knowledge, information and belief. I also understand that the statements are made subject to the penalties of 18 Pa.C.S.A. 84904, relating to unsworn falsification to authorities.


_____8·29·08_____                    _____

DATE                                      Malcolm Peele