IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALCOLM PEELE,<br>   Plaintiff,<br><br>V.<br><br>CITY OF PHILADELPHIA, et al.,<br>   Defendants. | CIVIL ACTION<br><br>NO. 08-4661 |

## ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT THE CITY OF PHILADELPHIA

Defendant, the City of Philadelphia, (hereinafter "answering defendant"), by and through their undersigned counsel, Jeffrey S. Simons, answer plaintiff's complaint as follows and assert the following affirmative defenses:

## AS TO THE PARTIES

1. Denied, based on information and belief.

2. Denied.

3. It is admitted only that the City of Philadelphia is a municipal corporation existing under the laws of the Commonwealth of Pennsylvania.

4. The allegations in this paragraph pertain to individuals other than answering defendant, and, therefore, no response is required. To the extent a response is required, denied.

5. The allegations in this paragraph pertain to individuals other than answering defendant, and, therefore, no response is required. To the extent a response is required, denied.

## AS TO THE FACTUAL ALLEGATIONS

6. The allegations in these paragraphs are denied as inaccurate, misleading, and untrue. To the extent the allegations in these paragraphs constitute conclusions of law, no response is required. To the extent that a response is required, denied. Furthermore, to the extent the allegations in this paragraph pertain to individuals other than answering defendant, no response is required. To the extent a response is required, denied.

7. The allegations in these paragraphs are denied as inaccurate, misleading, and untrue. To the extent the allegations in these paragraphs constitute conclusions of law, no response is required. To the extent that a response is required, denied. Furthermore, to the extent the allegations in this paragraph pertain to individuals other than answering defendant, no response is required. To the extent a response is required, denied.

8. The allegations in these paragraphs are denied as inaccurate, misleading, and untrue. To the extent the allegations in these paragraphs constitute conclusions of law, no response is required. To the extent that a response is required, denied. Furthermore, to the extent the allegations in this paragraph pertain to individuals other than answering defendant, no response is required. To the extent a response is required, denied.

9. The allegations in these paragraphs are denied as inaccurate, misleading, and untrue. To the extent the allegations in these paragraphs constitute conclusions of law, no response is required. To the extent that a response is required, denied. Furthermore, to the extent the allegations in this paragraph pertain to individuals other than answering defendant, no response is required. To the extent a response is required, denied.

10. Answering defendant has no knowledge or means of ascertaining the truth or falsity of the allegations respecting the injuries, sufferings, and/or damages alleged to have been sustained by plaintiff, and the same are accordingly denied.

11. The allegations in these paragraphs are denied as inaccurate, misleading, and untrue. To the extent the allegations in these paragraphs constitute conclusions of law, no response is required. To the extent that a response is required, denied. Furthermore, to the extent the allegations in this paragraph pertain to individuals other than answering defendant, no response is required. To the extent a response is required, denied.

12. The allegations in these paragraphs are denied as inaccurate, misleading, and untrue. To the extent the allegations in these paragraphs constitute conclusions of law, no response is required. To the extent that a response is required, denied. Furthermore, to the extent the allegations in this paragraph pertain to individuals other than answering defendant, no response is required. To the extent a response is required, denied.

**AS TO THE FIRST CAUSE OF ACTION**

Answering defendant incorporates paragraphs 1 through 12 herein, as if the same were set forth at length.

13. The allegations in this paragraph constitute conclusions of law, and, therefore, no response is required. To the extent that a response is required, denied.

14. Answering defendant has no knowledge or means of ascertaining the truth or falsity of the allegations respecting the injuries, sufferings, and/or damages alleged to have been sustained by plaintiff, and the same are accordingly denied.

15. The allegations in these paragraphs are denied as inaccurate, misleading, and untrue. To the extent the allegations in these paragraphs constitute conclusions of law, no response is required. To the extent that a response is required, denied.

16. The allegations in these paragraphs are denied as inaccurate, misleading, and untrue. To the extent the allegations in these paragraphs constitute conclusions of law, no response is required. To the extent that a response is required, denied.

17. The allegations in this paragraph constitute conclusions of law, and, therefore, no response is required. To the extent that a response is required, denied.

**WHEREFORE,** answering defendant denies that it is liable upon all the causes of action declared upon and demands judgment in its favor, plus interest and costs.

### AS TO THE SECOND CAUSE OF ACTION

Answering defendant incorporates paragraphs 1 through 17 herein, as if the same were set forth at length.

22. The allegations in this paragraph constitute conclusions of law, and therefore, no response is required. To the extent that a response is required, denied.

**WHEREFORE,** answering defendant denies that it is liable upon all the causes of action declared upon and demands judgment in its favor, plus interest and costs.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering defendant asserts all of the defenses, immunities, and limitations of damages available to it under the "Political Subdivision Tort Claims Act" and aver that plaintiffs' remedies are limited exclusively thereto. Act of Oct. 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A. §8541 et seq.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

**WHEREFORE,** answering defendant denies that it is liable upon all the causes of action declared upon and demand judgment in its favor, plus interest and costs.

Respectfully submitted,

_____
JEFFREY S. SIMONS
Assistant City Solicitor
City of Philadelphia Law Department
Civil Rights Unit
1515 Arch Street, 14th Floor
Philadelphia, PA  19102

DATED:  September 26, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MALCOLM PEELE,**     :  <br>          Plaintiff,     : <br>                               : <br>                               : <br>          v.             : <br>                               : <br>**CITY OF PHILADELPHIA, et al.,** : <br>          Defendants.    : <br>                               : | CIVIL ACTION <br><br> NO. 08-4661 |

    I, JEFFREY S. SIMONS, hereby certify that on this date, the foregoing **ANSWER WITH AFFIRMATIVE DEFENSES OF DEFENDANT THE CITY OF PHILADELPHIA** was electronically filed and is available for viewing and downloading from the ECF system.  A copy was also served upon the following individuals by first class mail, postage prepaid, as follows:

        JAY A. HOCHBERG, ESQUIRE
        1315 Walnut St., Suite 716
        Philadelphia, PA 19107

                                                      _____
                                                      JEFFREY S. SIMONS
                                                      Assistant City Solicitor

DATED: September 26, 2008